UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

RUBEN SANCHEZ,
     Petitioner,


     v.                                         CIVIL ACTION NO.
                                                 17-11811-MBB

STEVEN SILVA, Superintendent,
and MAURA HEALEY,
     Respondents.


                    **MEMORANDUM AND ORDER RE:**
                 **MOTION FOR THE APPOINTMENT OF COUNSEL**
                         **(DOCKET ENTRY # 4)**

                          **October 4, 2017**


**BOWLER, U.S.M.J.**

   Petitioner Ruben Sanchez ("petitioner"), an inmate at the Souza Baranowski Correctional Center in Shirley, Massachusetts, seeks appointment of David H. Mirsky, Esq. as counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) ("section 3006A(a)(2)(B)") in the above-styled petition for habeas corpus.  (Docket Entry # 4). The petition raises a single ground for relief, namely, that the trial judge violated petitioner's Fourteenth Amendment right to equal protection under Batson v. Kentucky, 476 U.S. 79 (1986), by allowing "the prosecutor's peremptory challenge of one or more qualified Hispanic prospective jurors based on their Hispanic ethnicity . . .."  (Docket Entry # 1).

                              DISCUSSION

   There is no constitutional right to appointment of counsel

in a habeas proceeding. Wardlaw v. Cain, 541 F.3d 275, 279 (5th Cir. 2008) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)); Swazo v. Wyoming Department of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994); see Ellis v. U.S., 313 F.3d 636, 652 (1st Cir. 2002) (noting in 28 U.S.C. § 2255 proceeding that "convicted criminal has no constitutional right to counsel with respect to habeas proceedings"); Morin v. State of Rhode Island, 741 F.Supp. 32, 36 (D.R.I. 1990) (constitution does not mandate representation after trial and first appeal); see also Diaz v. Drew, Civil Action No. 16-11579-NMG, 2017 WL 2312823, at *2 (D. Mass. May 26, 2017). Rather, under section 3006A(a)(2)(B) a court may appoint counsel for a "financially eligible person seeking relief under section 2254 when the interests of justice require." Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990). Cases warranting appointment of counsel in "the interests of justice" under section 3006A(a)(2)(B) typically involve nonfrivolous claims with factually and/or legally complex issues and/or a petitioner who is severely hampered in his ability to investigate the facts. See United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993) (discussing application of section 3006A(a)(2) to section 2255 motion, noting coalescence of the three aforementioned circumstances and citing Battle v. Armontrout, 902 F.2d at 702, a 28 U.S.C. § 2254 case); Battle v. Armontrout, 902 F.2d at 702

(remanding section 2254 petition for appointment of counsel where claim was nonfrivolous, facts and law were complex and the petitioner's incarceration severely hampered his investigative abilities); see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (where the petitioner presents nonfrivolous claim, court should consider legal and factual complexity of case and the petitioner's ability to investigate in appointing counsel under section 3006A(a)(2)).

Here, the facts are relatively straight forward as they involve peremptory challenges during jury selection. The law in Batson is also well established. Moreover, petitioner cogently and adequately presents the issue in the petition. (Docket Entry # 1, pp. 9-11).[1] Appointment is therefore not advisable. See, e.g., Wardlaw v. Cain, 541 F.3d at 279 (denying habeas petitioner appointment of counsel because "issue before the court is not particularly complex, and Wardlaw has briefed it adequately").

## CONCLUSION

The motion for appointment of counsel (Docket Entry # 4) is **DENIED**.

       /s/ Marianne B. Bowler
    **MARIANNE B. BOWLER**
    United States Magistrate Judge

---

[1] Page numbers refer to the page as docketed.